GROMMES & UHLRICK *v.* THEIME *et al.*

.RES ADJUDICATA. *Practice.* Where a demurrer to a bill was sustained by the chancellor and an appeal was taken to the Supreme Court, where, by consent, the cause was referred to the court of arbitration (then in existence), and they awarded and found that the decree of the chancellor was erroneous and should be reversed, and the cause remanded to the chancery court, etc., and the award was approved by the Supreme Court and made the decree of same. *Held,* the award, to all intents and purposes, became the judgment of the Supreme Court, and that although the Supreme Court may review and reverse its .own rulings in subsequent cases, yet the decrees once rendered are final and conclusive in the particular cases in which they are made, as to the matters adjudged.

FROM SHELBY.

Appeal from the Chancery Court at Memphis.    W. W. McDOWELL, Ch.

—— METCALF for complainants.

—— RANDOLPH for defendants.

COOKE, Sp. J., delivered the opinion of the court.

In 1867 respondent Theime executed certain fraudulent conveyances of his property and effects for the purpose of hindering and delaying his creditors. Thereupon Beherends, to whom he was indebted, filed a bill attacking said conveyances, and attached a considerable portion of the property conveyed. Among the property thus attached, as was then supposed, was 44½ gallons of Irish whisky and 25,900 cigars, which was claimed by Grommes & Uhlrick and they brought

Grommes & Uhlrick *v.* Theime.

an action of replevin for the same in the circuit Court against Theime, to whom they claimed to have consigned said goods to be sold on commission, and Sangster, the officer who levied the attachment, and under which the cigars and whisky were replevied and delivered to them. They failed to prosecute their action of replevin and judgment by default was entered against them, and a writ of inquiry awarded to ascertain the value of the goods so replevied which executed, judgment was rendered in favor of Theime and Sangster.

This was in December, 1873, and in January, 1874, and in less than one year they filed against them for $943 this bill, to enjoin the collection of said judgment, upon the alleged grounds that said goods, in fact, belonged to them and not to Theime; that Theime had no right in the same, except the mere right to the possession as custodian for complainants, and that although Sangster was sued along with Theime in said action, he was made a defendant, for the reason that he was supposed to be jointly in possession of said goods with Theime by virtue of said attachment, but which is alleged to have been a mistake, and that the attachment had not been levied upon said goods, and if Sangster had any possession of them, it was merely as agent for Theime or as a naked trespasser, and that Sangster did not pretend to claim any interest whatever in the same or in said judgment; that the attachment suit of Beherends against Theime was ended and no decree made upon said levy or order of sale of said goods, and hence it was abandoned. They

allege as an excuse for permitting said judgment by default to be taken against them in said action of replevin, that before the return term said Theime had filed his petition in bankruptcy and which their counsel understood to operate as an injunction upon any further proceedings in said cause, and for that reason failed to file a declaration and prosecute said suit; that said judgment was not rendered upon the merits, and that as they were the owners of the goods and no other person had acquired any right to them, said Theime and Sangster could only hold said judgment in trust for them. They further allege that Theime is justly indebted to them in a larger amount than his interest, if any he has in said judgment, and seek in the alternative to set off the same, and that both Sangster and Theime are insolvent, etc.

Sangster disclaimed any interest in the goods that were replevied by complainants, or the judgment, or that he had levied upon the said goods, according to the best of his knowledge, information and belief, and says if any levy was made it was anulled by the bankruptcy of Theime.

Beherends came in by petition and had himself made a party respondent in this cause, and he and Theime jointly demurred to the bill and assigned among others the following grounds of demurrer: First, That the bill fails to show that the complainants were prevented from prosecuting their said action of replevin by any fraud, accident or mistake, but shows that their failure to prosecute the same was the result of negligence on their part, and that the judgment of the

Grommes & Uhlrick v. Theime.

circuit court was conclusive that complanants had no right or interest in the property replevied, and that the defendants are entitled to the same. Second, That the character of the defendants' title to the property is of no concern to the plaintiffs. It is sufficient that they have no title to the same. Third, That the filing of respondent Theime's petition to become a bankrupt and the proceedings thereon afford complainants no grounds of relief, nor do they in any manner impair the validity of said judgment at law. Fourth, If otherwise, the complainants might have been entitled to relief, their bill shows that they have been guilty of laches, and for that reason will not be now relieved.

This demurrer was sustained by the chancellor and the bill dismissed, and the complainants appealed to this court. In this court the cause was, by consent, referred to the court of arbitration, then in existence, and they awarded and found that the decree of the chancellor sustaining the demurrer was erroneous, and the same was reversed and the demurrer overruled by them and the cause remanded to the chancery court for answer, etc. This award was approved and made the decree of this court, and thus to all intents and purposes became the judgment of this court, as was held at Knoxville at the last term in an unreported case, the style of which is not now remembered.

Whatever we might think of the questions raised by this demurrer were they open for investigation, that they are settled and concluded upon us in this case by the award of the arbitration and judgment of

this court upon them, is too well settled to admit of question. The decree of the Supreme Court upon appeal from the action of the court below overruling a demurrer is final and conclusive as to questions embraced in the demurrers upon the court below and upon the Supreme Court itself upon a subsequent appeal from the final decree in the same case. And although the Supreme Court may review and reverse its own rulings in subsequent cases, yet the decrees once rendered are final and conclusive in the particular case in which they are made : *Jamison* v. *McCoy*, 5 Heis., 108.

A decree sustaining or overruling a demurrer affirmed by the Supreme Court on appeal, is final as to the points adjudged in that particular case, and may be relied on as *res adjudicata: Murdock* v. *Gaskill*, 8 Baxt., 22. The decree of the Supreme Court overruling a demurrer and remanding the cause for plea or answer, is conclusive upon that court as well as the court below, in that particular case, as to matters adjudged by the decree : 2 Baxt., 257; Cooley's Const. Lim., 47.

The effect of the decision of this court upon the demurrer overruling the same, was to determine that complainants were not estopped or precluded by said judgment of the circuit court from relying upon the original equities set up and alleged by the bill. And this we think is virtually decisive of this case, and if it were not the action of replevin not having been tried upon its merits, was no bar to the action, it having been instituted within twelve months from the

Grommes & Uhlrick *v.* Theime.

date of the final judgment in that case.  Sangster, by his return, undertook to set out specifically the articles of property upon which he levied said attachment, and neither the 44½ gallons of Irish whisky or the cigars are specified in said levy, and he disclaims having levied upon them, and there is no proof to show they were actually levied upon by said attachment.

The respondents, Theime and Beherends, answered the bill and denied the equities set up and alleged by it.  But the weight of the proof, we think, satisfactorily establishes the fact, that the property replevied did actually belong to complainants, and that it was left with the respondent, Thieme, upon consignment to be sold for complainants on commission, and if not sold to be returned to complainants, and that Theime had no beneficial interest in the same, and that complainants had the right to demand the possession of the goods at the time they were replevied.  The chancellor and the Referees have both come to the same conclusion, and we think correctly.  There are other questions raised by the record, which it is unnecessary to discuss, as this is decisive of the case.

The exceptions of respondents to the report of the Referees will be overruled, the report confirmed, and the chancellor's decree affirmed with costs.